UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:08CR257 HEA |
| | ) | |
| DERRICK BERNARD ALLEN, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on the Memorandum and Recommendation, [Doc. No. 71], of United States Magistrate Judge Terry I. Adelman, pursuant to 28 U.S.C. § 636(b). Judge Adelman has recommended Defendant's Motion to Suppress Evidence, [Doc. 31], be denied. Defendant has filed Objections to the Memorandum and Recommendation.

When a party objects to a magistrate judge's report and recommendation, the Court must conduct a de novo review of the portions of the report, findings, or recommendations to which the party objected. See *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir.2003) (citing 28 U.S.C. § 636(b)(1)). This includes a de novo review of the magistrate's findings of fact, including any credibility determinations. *Id.* The court has reviewed the entire record, including listening to

the audio recording of the hearing held on February 12, 2009 and reading the transcript thereof.

**Discussion**

In addition to renewing his grounds presented in his Motion to Suppress, Defendant specifically objects to Judge Adelman's findings: that the officers had reasonable suspicion to detain Defendant; that Defendant gave consent, either oral or written, to search his vehicle, business, and residence; that Defendant made incriminating post-arrest statements to the officers; and that any incriminating post-arrest statements made to officers were voluntary.

In his Memorandum in Support of his Motion to Suppress, Defendant argues that the officers did not have a reasonable suspicion for a *Terry v. Ohio*, 392 U.S. 1 (1968) stop of the Defendant as he exited his truck.

The Fourth Amendment requires that law enforcement officers "must be able to articulate something more than inchoate and unparticularized suspicion or hunch" for making a brief investigatory, *Terry* stop. *United States v. Sokolow*, 490 U.S. 1, 7, citing *Terry v. Ohio*, 392 U.S. 1, (1968). Courts consider the totality of the circumstances when evaluating the validity of a stop. *Sokolow*, 490 U.S. at 8. Probable cause is not required nor is a preponderance of the evidence standard necessary.

> The law is summarized in the holding of *Terry* that when an officer observes unusual conduct which leads him reasonably to conclude in light of his experience that criminal activity may be afoot and that the person with whom he is dealing may be armed and presently dangerous, where in the course of investigating this behavior he identifies himself as a policeman, makes reasonable inquiries, there is nothing in the initial stages of the encounter which serves to dispel his reasonable fear for his own or others' safety, he is entitled to further protection of himself and others in the area to conduct a limited search of the outer clothing of such persons in an attempt to discover weapons which might be used to assault him. Such a search is a reasonable search under the Fourth Amendment and any weapons seized may properly be introduced in evidence against the person from whom they were taken. *Terry*, 392 U.S. at 30-31, 88 S.Ct. at 1884-1885.

*United States v. Kent,* 531 F.3d 642, 648-49 (8th Cir. 2008).

Defendant argues that the police did not have reasonable suspicion to stop him, because the confidential informant ("CI") did not have a proven track record of reliability, and therefore, presumably, the CI must be treated like an anonymous tipster. This Court does not agree.

> Though less reliable than informants with a proven record, unproven informants are more reliable than anonymous tipsters because the police can hold them responsible for false information. Cf. *Florida v. J.L.*, 529 U.S. 266, 270, 120 S.Ct. 1375, 146 L.Ed.2d 254 (2000) (a tip from known informants is more reliable because their reputation can be assessed and they can be held responsible for fabrications); *United States v. Salazar*, 945 F.2d 47, 50-51 (2nd Cir.1991) (face-to-face informants are generally more reliable than anonymous tipsters because they can be held accountable for false information). Here, the informant had been enlisted by the detective to be a confidential informant, and therefore, could be held accountable by the detective for false

information. The informant here was also more reliable than an anonymous tipster because the police were able to identify his basis of knowledge: that TKO had just left his house. See *Alabama v. White*, 496 U.S. 325, 329, 110 S.Ct. 2412, 110 L.Ed.2d 301 (1990) (anonymous tipsters are less reliable because the tip usually gives no indication of the basis for the caller's predictions), citing *Illinois v. Gates*, 462 U.S. 213, 227, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983).

*Kent,* 531 F.3d at 648-49.

The officers verified some of the informant's information before stopping Defendant. See *United States v. Brown*, 49 F.3d 1346, 1349 (8th Cir.1995) (unproven informant requires some independent verification to establish reliability). The officers went to the address given, saw Defendant's truck as described, and they set up a surveillance. They verified the truck was Defendant's by checking the license plates on the truck. When Defendant stopped at his business, he made a leaning motion as if to put something under, or retrieve something from under, the seat of the truck. The officers had previously been told by the CI that Defendant carried a firearm under the front driver seat of Defendant's vehicle. As the informant here was not anonymous, less verification was required. *Id.*, at 649. The Court finds that under the totality of the circumstances, the officers possessed a reasonable suspicion for the *Terry* stop. Defendant's objection is overruled.

Defendant also objects to the conclusion that the search of his vehicle and home were performed pursuant to his consent.

A search based on consent may be made by law enforcement officers without

a warrant or probable cause, and any evidence discovered during the scope of the search may be seized and admitted at trial. *Schneckloth v. Bustamonte*, 412 U.S. 218, 219 (1973). To determine whether consent was given voluntarily, courts examine the totality of the circumstances surrounding the consent. *Id.*, 412 U.S. at 227.

Factors that weigh on the court's determination of voluntariness include: (1) knowledge of the constitutional right to refuse consent; *Id.* at 227; *United States v. Becker*, 333 F.3d 858, 861-62 (8th Cir. 2003)(consent voluntary despite fact that officers did not inform suspect of rights, because suspect had knowledge of rights from prior experience with law enforcement); (2) age, intelligence, education, and language ability; *Schneckloth*, 412 at 226; *United States v. Jimenez*, 478 F.3d 929, 932 (8th Cir. 2007)(consent voluntary because "[t]here was no indication that [defendant] did not understand the officer's questions"); (3) the degree to which the individual cooperates with the police; *United States v. Saenz*, 474 F.3d 1132, 1137 (8th Cir. 2007)(consent voluntary because defendant gave consent to search truck to two officers and did not complain or question officers during the search); (4) the individual's attitude about the likelihood of the discovery of contraband; *United States v. Hathcock*, 103 F.3d 715, 720 (8th Cir. 1997)(consent to search duffle bag voluntary because suspect believed officers would inevitably detect illegal substances inside); *Schneckloth*, 412 U.S. at 226; there was no evidence of any type

of coercive police behavior or physical punishment and the detention was of very short duration; (5) the length of detention and the nature of questioning including the use of physical punishment or other coercive police behavior, *Schneckloth*, 412 U.S. at 226; *United States v. Bradley*, 234 F.3d 363, 367 (8th Cir. 2000).

Considering the factors listed above, the Court finds Defendant's consent to the search of the vehicle he was driving was voluntary and made with understanding. Defendant was familiar with his constitutional rights and criminal law. He had been convicted of prior offenses. Defendant is in his mid-thirties, owns his own business and generally appeared to be of normal intelligence. Defendant was not intimidated by the officers; he was not threatened by them in any manner. The conversation between Defendant and the officers was cordial and Defendant was cooperative. The officers did not make any misrepresentations. Defendant did not appear to be intoxicated nor under the influence of any drugs. Based on the totality of the circumstances, Defendant's consent to search his vehicle was voluntary and knowingly made.

With respect to the search of Defendant's residence,[1] the Court also concludes the search was voluntary. In addition to the above, Defendant signed a consent form for the search of his residence and business. The form contains

---

[1]The Court notes that the officers also searched Defendant's business. No incriminating evidence was found inside the business.

information regarding the right to refuse to consent and that no promises, threats, force or physical or mental coercion had been made.  Though there was conflicting testimony about whether Defendant signed the form, the Court agrees with Judge Adelman that, considering all of the attendant circumstances, Defendant did indeed sign the consent form.  As such, both the search of the vehicle and Defendant's residence were conducted pursuant to Defendant's consent.

Defendant's objections to the incriminating nature of his statement and to the voluntariness of his statement are without merit.  The record and testimony establish that Defendant stated that he had had the ammunition for some time.  Further, Defendant gave several conflicting statements about the origin of the weapon in the vehicle.  These statements can be used against Defendant.  Defendant was advised of his rights and he purposely waived those rights.  He was advised of his full rights from *Miranda* forms twice.  His will was in no way overborne, rather, the conversations were cordial throughout.  Nothing in the record and evidence presented establishes that Defendant's statement were anything but voluntary.

## Conclusion

Having conducted a *de novo* review of the Motion to Suppress and the record before the Court, Defendant's objections are overruled.  The Memorandum and Recommendation contains a very thorough analysis of the facts and applicable law.  The Court, therefore will adopt Judge Adelman's Recommendation.

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Suppress Evidence, [Doc. 31], is **DENIED**.

Dated this 5th day of June, 2009.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE